UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-149 (PLF) |
| | : | |
| BEATRIZ L. VILLA, | : | |
| | : | |
| **Defendant** | : | |

SENTENCING MEMORANDUM

On June 14, 2006, Ms. Beatriz Villa, the defendant, pled guilty to a one count Information charging her with Embezzlement of Government Money, in violation of 18 U.S.C. § 641. She will appear before this Honorable Court for sentencing on August 28, 2006. Ms. Villa, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

Background

Ms. Villa has been a life-long resident of the metropolitan, Washington, D.C. area. Ms. Villa shares an extremely close relationship with her family, including her twelve year old daughter, her father, her two sisters, and her boyfriend/father of her daughter. She is one of the primary forces in her daughter's life. Further, Ms. Villa is heavily depended upon by her father to take him to his various medical appointments. As evidenced by the attached letter from her sister, Ms. Villa's presence in her family is vital to their survival. In addition, this is the first time Ms. Villa has ever been involved in the criminal justice system.

Ms. Villa is extremely committed to providing for her daughter and her family. As stated in the Presentence Report, Ms. Villa is been employed by the government in various positions

since 1996. Notwithstanding her involvement in the instant offense, Ms. Villa has been a loyal public servant for almost ten years. She has received awards from her prior employers due to her outstanding work ethic and willingness to go above and beyond her daily duties. Her strong work ethic and commitment to provide for her daughter and her family is a driving force in her life. As required by the plea agreement in this case, Ms. Villa's last day as an employee with the federal government will be Friday, August 25, 2006 - the last day possible before her sentencing date. Further, Ms. Villa has been working a part-time job as a customer services representative for Football America in Laurel, MD. She works approximately four nights per week, from 5 pm to 11pm; and all day on Saturday from 9 am to 5 pm.

## Argument

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 6 to 12 months within Zone B. See PSR, ¶ 53, pg. 9. Accordingly, a sentence of probation is authorized pursuant to U.S.S.G. § 5B1.1(a)(2). Therefore, Ms. Villa requests that she be given a sentence of probation.

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Ms. Villa's request that she be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need

2

to provide restitution to any victims of the offense." 18 U.S.C. 3553(a).  Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)).  Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.**  (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment within the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2).  The Court should consider Ms. Villa's strong family ties, her family obligations with regard to her daughter and her father, her employment history and strong work ethic, no criminal history, her willingness to enter into a pre-indictment plea, as well as her

strong relationship with her twelve year old daughter. Further, the Court should consider the sum of restitution in this case, $24,000.00. If Ms. Villa is given a term of incarceration she will be unable to provide restitution in a timely fashion - if at all. The need to provide restitution to the victims in this case shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Ms. Villa.

Sentencing Ms. Villa to a term of probation is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Villa with needed educational or vocational training and medical care" while also allowing Ms. Villa to repay the victims in this case for her wrongdoing. See 18 U.S.C. § 3553(a).

## Conclusion

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Villa respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500